UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CAPSTONE INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-416 JD |
| | ) | |
| UNIVENTURES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On November 30, 2010, the Defendants, Univentures, Inc., Candace J. Cox, and Eileen D. Wendt (collectively "Univentures"), filed a motion to dismiss for improper venue, or, alternatively, a motion to transfer. On December 17, 2010, the Plaintiff, Capstone International, Inc. ("Capstone"), filed a reply. On June 6, 2011, this Court ordered the parties to supplement their briefs to specifically address the relevant factors for transfer pursuant to 28 U.S.C. § 1404. For the following reasons, the Court **RECOMMENDS** that this case be **TRANSFERRED** to the District of Arizona.

**I.     RELEVANT BACKGROUND**

On September 3, 2010, Capstone filed its original complaint in St. Joseph County Circuit Court for breach of a February 17, 2010 consulting services contract between it and Univentures. It later amended its complaint to include claims for tortious interference and disgorgement of funds. On October 5, 2010, Univentures removed the case to this Court pursuant to 28 U.S.C. § 1441. It then moved to dismiss the case because venue is improper in the Northern District of Indiana.

The parties dispute whether provisions in a January 20, 2009 services contract between

Univentures and Bill Brewster, Capstone's principal, are controlling. The provisions select Arizona as the applicable law and proper forum to resolve any disputes arising out of the contract. The 2010 contract, on which Capstone now sues, begins with the language, "In-lieu of a bonus per 2009 contract," under the heading "2009 Work activity/compensation." Doc. No. 1, at 6-7. Univentures asserts that the 2010 contract is a modification of the original contract, but Capstone maintains that the 2009 contract is not at issue in this case.

Rather than determine the merits of these arguments, which are substantive in nature, this Court elected to address transfer under 28 U.S.C. § 1404. After finding jurisdiction to be proper based on diversity, it ordered the parties to address the following factors: (1) the appropriate amount of deference accorded plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum; (4) the convenience of the witnesses; (5) the convenience of the parties of litigating in the respective forums. Univentures now argues that analysis of these factors weighs in favor of transfer to the District of Arizona.

## II.  ANALYSIS

Section 1404 provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue must be proper in both courts, and the fact that a case has been removed to federal district court does not affect the court's ability to transfer it under Section 1404. *Travel Supreme Inc. v. NVER Enters., Inc.*, No. 3:07cv194 PPS, 2007 U.S. Dist. LEXIS 75482 at *22-23 (N.D. Ind. 2007) (citations omitted).

Analysis under 1404 involves separate inquiries into (1) the convenience of parties and witnesses, and (2) the interest of justice. *Research Automation Inc. v. Schrader-Bridgeport*

2

*Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The burden is on the movant to show that transfer is warranted. *Piggee v. Columbia Sussex Corp.*, No. 2:08-CV-107-PPS-PRC, 2009 U.S. Dist. LEXIS 14889 at *4 (N.D. Ind. 2009). However, because the analysis is "flexible and individualized," district courts have discretion in deciding whether transfer is appropriate. *Research Automation*, 626 F.3d at 978. (*citing Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (U.S. 1988)).

> **A.    Analysis of the 1404 factors demonstrates that transfer is more convenient.**

When evaluating the convenience of parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009). Transfer is not warranted where it would merely shift convenience from one party to the other. *Id*.

On balance, the factors favoring transfer outweigh those against transfer. Accordingly, transfer to Arizona is more convenient.

> **1.    Plaintiff's choice of forum**

Univentures asserts that Capstone cannot claim this Court as its home forum. The home forum is where the party resides. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). The plaintiff's choice of forum, particularly if it is the home forum, carries significant weight in the convenience analysis. *Schumacher*, 665 F. Supp. 2d at 977. In removed actions, the district to which the action was

3

removed is treated as the plaintiff's chosen forum.  *See e.g., id*. at 972; *Travel Supreme*, 2007 U.S. Dist. LEXIS 75482 at *25; *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 943 (N.D. Ill. 2002).

Capstone, a Delaware corporation, maintains that its principal place of business is in South Bend, Indiana.  As a result, Capstone resides in Indiana, and the Northern District is its home forum.  Although Univentures argues that records from the Indiana Secretary of State demonstrate that Capstone does not reside in Indiana, it is mistaken.  *See* Exhibit A.  The exhibit includes a Certificate of Assumed Business Name, which provides that Emerald Brands, Ltd. "will be doing business under the assumed business name(s) of: Capstone International Inc." *Id*. at 7-8.  The exhibit further certifies that Emerald Brands, Ltd. withdrew from doing business in Indiana effective August 2, 2010.  However, these records refer to a different company.  That Capstone International is an alcoholic beverage distributor, while this Capstone International is a consulting firm.  Thus, they do not contradict Capstone's assertion that the Northern District is Capstone's home forum.  Moreover, Capstone effectively chose this forum when it filed suit in St. Joseph County.  This factor weighs against transfer.

### 2. Situs of material events

Univentures contends that all material events occurred in Arizona, including several meetings between the parties, a portion of the services to be performed under the contract, and the alleged breach of the contract caused by not paying funds to Capstone.  It reasons further that any unauthorized distributions of funds or improper interference with business relations would have occurred in Arizona.  Where events material to the dispute occurred outside plaintiff's choice of venue, the argument that the chosen venue is most convenient becomes less

compelling. *Schumacher*, 665 F. Supp. 2d at 977. In a breach of contract action, the location of business decisions causing the breach is material to the dispute. *J. Wilderman Autoplex Corp. v. Norton*, No. 09-cv-0154-MJR, 2009 U.S. Dist. LEXIS 37647 at *7 (S.D. Ill. 2009); *Omnisource Corp. v. Sims Bros., Inc.*, No. 1:08-CV-89, 2008 WL 2756345 at *4 (N.D. Ind. 2008); *Travel Supreme*, 2007 U.S. Dist. LEXIS 75482 at *26. Additionally, courts consider where the business relationship began, where the contract was negotiated and executed, and where services were to be performed. *Allied Van Lines*, 200 F. Supp. 2d at 947; *see Research Automation*, 626 F.3d at 978.

Capstone states that its relationship with Univentures began in Indiana, that the contract was negotiated and executed here, and that services were mostly to be performed outside of the United States. While the parties' contractual relationship arose in this district, the consulting services were to be performed in Arizona and elsewhere. The alleged breach resulted from a decision made by Univentures in Arizona, and any additional misconduct would have stemmed from Univentures's actions in Arizona. Univentures states that it only came to Indiana once. Accordingly, more events material to the dispute occurred in Arizona than in Indiana. Thus, analysis of this factor favors transfer.

### 3. Relative ease of access to sources of proof

Univentures argues that its documents, financial records, and electronically stored information are located in Arizona. Where evidence is primarily available in documents, the access to proof factor is less significant. *J. Wilderman Autoplex Corp.*, 2009 U.S. Dist. LEXIS 37647 at *7; *see Travel Supreme*, 2007 U.S. Dist. LEXIS 75482 at *26-27 (ease of access was equal where each party's documents were located in that parties' home state). Capstone states

5

that it intends to rely on correspondence between the parties, electronically stored documents, and evidence held by third parties in Indiana and elsewhere. Because the evidence appears to primarily consist of documents, access will be equally burdensome whether this case proceeds here or in Arizona. Accordingly, this factor is neutral.

    **4.**  **Convenience of witnesses**

  Univentures argues that its non-party witnesses will be inconvenienced if this case proceeds here. The convenience of witnesses is often considered the most important factor in the convenience analysis, and courts consider everything from the number of witnesses to their willingness to appear. *Omnisource Corp*, 2008 WL 2756345 at *6. To do this, courts must evaluate whether the potential witnesses' testimony is relevant to the case. *See id.*; *Piggee*, 2009 U.S. Dist. LEXIS 14889 at *9 (addressing the "nature and quality" of witnesses' testimony); *Travel Supreme*, 2007 U.S. Dist. LEXIS 75482 at *28-29 (noting that the burden is on the moving party to demonstrate that the witnesses' testimony is necessary to its case). In addition, courts generally assume that a corporate party's employees are willing to appear. *Id*.

  Neither party explains the relevance of its witnesses or their testimony to the case. Capstone does not specify its witnesses at all, and instead states that "several" reside in Indiana and others are located throughout the United States and the world. Doc. 19, at 4. It argues that its Indiana witnesses cannot be compelled to testify in Arizona. Univentures provides a list of eight non-employee witnesses who reside in Arizona and will be similarly inconvenienced if the case proceeds in Indiana. Therefore, eight specific witnesses, as opposed to several unnamed witnesses, will be inconvenienced if the case remains here. Accordingly, this factor favors transfer.

### 5. Convenience to the parties of litigating in the respective forums

Univentures claims that it cannot bear the expense of litigating in this Court. Analysis under this factor considers the parties' residences and their ability to bear the cost of litigation in either forum. *Piggee*, 2009 U.S. Dist. LEXIS 14889 at *8; *Allied Van Lines, Inc.*, 200 F. Supp. 2d at 947 (granting transfer where "the hardship of litigating in an out-of-state forum is less a burden on [the Plaintiff] than it would be on Defendants"). Capstone states that it is an international firm with a principal place of business is South Bend, Indiana. Univentures resides in Arizona and also does business internationally. While both companies seemingly have access to resources in either venue, litigating in this district would likely pose a hardship on the two individual defendants. Either side will be inconvenienced by the grant or denial of transfer, but because the individual defendants face a greater relative hardship than the corporate parties, this factor weighs slightly in favor of transfer.

### B. Transfer is in the interest of justice.

An assessment of the interest of justice focuses on judicial economy. *Research Automation*, 626 F.3d at 978. Relevant factors include the speediness of trial in either jurisdiction, each court's familiarity with the relevant law, and each location's relationship to the controversy. *Id*. Further, the interest of justice may override the outcome compelled by the convenience analysis. *Id*.

Based on docket statistics from both districts, this dispute is likely to be resolved just as efficiently regardless of whether it proceeds here or in Arizona. Though Capstone argues that transfer would not make sense because Indiana law applies, it provides no support for this assertion. By contrast, if Univentures is correct that the choice of forum and choice of law

provisions in the 2009 contract govern this dispute, transfer to Arizona would seem to be in the interest of justice. In any event, this Court does not address the merits of the contractual provisions, and recognizes that both this District and the District of Arizona are capable of interpreting the contract or contracts at issue, determining which law applies, and resolving this dispute.

Finally, while this Court may have a relationship with Capstone by virtue of Capstone's location in South Bend, the same can be said of Arizona by virtue of Univentures's residence there. Capstone's residence within this District does not by itself demonstrate this Court's relationship to the controversy such that justice would be better served here. As discussed under the convenience analysis, more events material to the dispute occurred in Arizona than in Indiana, and litigating in Arizona would be more convenient to the parties and witnesses. Because of Arizona's relationship to the controversy, it is in the interest of justice that this case be transferred to Arizona.

### III. CONCLUSION

Because the District of Arizona would be more convenient and better serve the interests of justice, this Court **RECOMMENDS** that Univenture's motion to dismiss be **DENIED** and that the case be **TRANSFERRED** to the District of Arizona pursuant to 28 U.S.C. § 1404. [Doc. No. 13].

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 4th day of August, 2011.

                                                                   S/Christopher A. Nuechterlein
                                                                     Christopher A. Nuechterlein
                                                                     United States Magistrate Judge