UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CAPSTONE INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-416 JD |
| | ) | |
| UNIVENTURES, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## Order

Capstone International, Inc., objects to Magistrate Judge Christopher Nuechterlein's August 4, 2011, Report and Recommendation on Defendants' November 30, 2010 motion to dismiss the case for improper venue or, alternatively, to transfer the case. The magistrate judge recommends that the Court deny the motion to dismiss for improper venue and instead to transfer the case to the District of Arizona, under 28 U.S.C. § 1404. Neither party objects to the recommendation to deny the motion to dismiss, but Capstone timely filed objections to the transfer on August 15, 2011. For the following reasons, the Court **ADOPTS** the Report and Recommendation in part and **DENIES** Defendants' motion to dismiss for improper venue.

## Background

On September 3, 2010, Capstone filed a complaint in the St. Joseph Superior Court against Univentures, Inc., Candace Cox, and Eileen Wendt, alleging causes of action for breach of contract and disgorgement. *See* DE 1. The contract claim involved an alleged February 17, 2010, consulting services contract between it and Univentures. On October 5, Univentures filed a notice of removal in this Court, under 28

U.S.C. § 1441, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* DE 2. On October 25, Capstone filed an amended complaint restating its original claims and adding a third cause of action for tortuous interference with business relations. *See* DE 4.

Then, on November 30, Defendants moved to dismiss the case because venue is improper in the Northern District of Indiana or, alternatively, to transfer the case to the District of Arizona. *See* DE 12. Capstone filed a response on December 17. *See* DE 15. On June 9, 2011, the undersigned referred the pending motion to dismiss for improper venue to the magistrate judge for a Report and Recommendation. *See* DE 17. The magistrate judge moved quickly. First, he gave the parties two weeks to submit additional briefing on the propriety of transfer under 28 U.S.C. § 1404. *See* DE 18, DE 19, DE 20. Then, two weeks after the parties submitted their briefs, he issued the recommendation that is now before the Court for review.

In his report, the magistrate judge set out the law governing venue transfers and considered how a transfer to the District of Arizona would affect the convenience of the parties and witnesses and the interests of justice. He concluded that the District of Arizona was the better forum on both counts and recommended that the Court transfer the case to that district. He also recommended that the Court deny the motion to dismiss for improper venue.

## **Analysis**

The magistrate judge made two separate recommendations in his report, and the Court will address each in turn. First, the magistrate judge recommended that the Court deny the motion to dismiss. A motion to dismiss for improper venue is a dispositive motion, and therefore the Court's review is governed by 28 U.S.C. § 636(b)(1)(C) and

Federal Rule of Civil Procedure 72(b). When a magistrate judge issues a report and recommendation on a dispositive matter, the parties have 14 days to object. If there are objections, the Court reviews the objected-to portions of the report and recommendation de novo, taking new evidence if necessary and giving no deference to the magistrate judge's decision. If the parties object to only part of the report and recommendation, or file no objections at all, the Court reviews those aspects to which no objection is made only to determine whether they are clearly erroneous or contrary to law.

Here, neither party objected to the magistrate judge's recommendation that the Court deny the motion to dismiss, and thus the Court's review is for clear error only. And although the magistrate judge did not spell out his reasoning, the result is beyond question: regardless of whether Defendants could establish that this district would be an improper venue under 28 U.S.C. § 1361, in cases that have been removed from state court, the removal statute, 28 U.S.C. § 1441, itself governs venue. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Under § 1441, venue is proper in the district and division "embracing the place where [the state court] action is pending," here the Northern District of Indiana.

Second, the magistrate judge recommended that the Court transfer the case to the District of Arizona under 28 U.S.C. § 1404. But a motion for transfer, unlike a motion to dismiss for improper venue, is a nondispositive pretrial matter and therefore may be decided by a magistrate judge, subject to a motion for review by the district court judge. *See* 28 U.S.C. § 636(b)(1)(A). And when reviewing a magistrate judge's non-dispositive decision to transfer a case, the Court asks only whether the order is "clearly erroneous or

contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a). In this case, however, the magistrate judge did not simply order the transfer, and perhaps for good reason: venue transfer is not permitted unless venue is proper in both the transferor and transferee district, *see Kendall U.S.A., Inc. v. Central Printing Co.*, 666 F.Supp. 1264, 1267 (N.D. Ind. 1987), and venue in the Northern District of Indiana was contested by a motion to dismiss for improper venue that the Court had not yet ruled upon. What this leaves the Court with, however, is a recommendation from the magistrate judge on how the Court should resolve a nondispositive matter.

But the statute and the rule provide only two paths by which the Court reviews matters referred to a magistrate judge. The first is clear error review of nondispositive *orders*, upon a motion for review. 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(a). The second is the review of recommendations for the resolution of dispositive pretrial matters, which is either for clear error or, upon objection by one or both parties, de novo. 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b). Neither contemplate a magistrate judge making a *recommendation* on a *nondispositive* matter. Nor did the order of referral in this case. Rather, after referencing its authority to refer dispositive matters to a magistrate judge, the Court "refer[ed] the Defendants' motions to dismiss . . . for preparation of a Report and Recommendation." *See* DE 17. at 2. This referral contemplated a Report and Recommendation on two dispositive matters: the motion to dismiss for improper venue, at issue here, and another motion to dismiss count III of the complaint for failure to state a claim. *See* DE 10, DE 12. As the Court reads the statute and the rule, the better procedure in this case would have been for the magistrate judge to issue a Report and

4

Recommendation proposing that the Court deny the dispositive motion to dismiss for improper venue and then, with that obstacle removed, resolve the nondispositive motion to transfer under the standing referral of nondispositive matters.

The Court now adopts the recommendation to deny the motion to dismiss for improper venue having found no clear error, so the way is clear for the magistrate judge to decide the nondispositive matter of transfer. Rather than reviewing the recommendation to transfer the case under an uncertain standard of review—that is, without guidance from statute, rule, or precedent regarding whether review should be de novo or for clear error only—the Court will treat it as a nullity. This will also save judicial resources, since it is clear from the magistrate judge's Report and Recommendation that he has already dedicated time and thought to the matter under consideration. The magistrate judge should decide the motion to transfer as he would any other nondispositive matter in this case, subject to a motion for review by the Court under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).

## Conclusion

For the reasons stated above, the Court **ADOPTS** the magistrate judge's Report and Recommendation to the extent that it concerns Defendants' motion to dismiss for improper venue. Because venue is proper in the Northern District of Indiana, the Court, without objection from the parties, **DENIES** Defendants' motion to dismiss for improper venue. This order does not affect the remaining dispositive or nondispositive motions in this case, including the nondispositive portion of Defendants' November 30, 2010, motion that seeks transfer to the District of Arizona.

SO ORDERED.

ENTERED:     September 27, 2011

                                        /s/ JON E. DEGUILIO
                                    Judge
                                    United States District Court