UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CAPSTONE INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-416 JD |
| | ) | |
| UNIVENTURES, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Capstone International, Inc., objects to Magistrate Judge Christopher Nuechterlein's September 30, 2011, order transferring this case to the District of Arizona. Capstone's request is styled as an objection, which the Court construes as a motion for review of the magistrate judge's order under Federal Rule of Civil Procedure 72(a). But because the case has already been transferred, this Court has no jurisdiction to rule on Capstone's motion and therefore it is **DISMISSED**. The Court also declines to make an informal request to the District of Arizona to retransfer the case: such a request would ultimately serve no purpose because the magistrate judge's order was not clearly erroneous or otherwise contrary to law.

## Background

On September 3, 2010, Capstone International, Inc., filed a complaint in the St. Joseph Superior Court against Univentures, Inc., Candace Cox, and Eileen Wendt, alleging causes of action for breach of contract and disgorgement. *See* DE 1. The contract claim involved an alleged February 17, 2010 consulting services contract between Capstone and Univentures. On October 5, Univentures filed a notice of removal in this

Court, under 28 U.S.C. § 1441, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* DE 2. On October 25, Capstone filed an amended complaint restating its original claims and adding a third cause of action for tortuous interference with business relations. *See* DE 4.

Then, on November 30, Defendants moved to dismiss the case because venue is improper in the Northern District of Indiana or, alternatively, to transfer the case to the District of Arizona. *See* DE 12. On June 9, 2011, the undersigned referred the pending motion to dismiss for improper venue to the magistrate judge for a Report and Recommendation. *See* DE 17. The magistrate judge issued the requested report on August 4, recommending that the motion to dismiss be denied and that the case instead be transferred. *See* DE 21. The Court adopted the report's recommendation concerning the motion to dismiss, but indicated that because the motion to transfer is a non-dispositive matter, the magistrate judge should rule on the issue of transfer. *See* DE 23. On September 30, the magistrate judge ordered the case transferred to the District of Arizona, based on the reasoning in his August 4 report and *See* DE 24.

In that report, the magistrate judge set out the law governing venue transfers and carefully considered how a transfer to the District of Arizona would affect the convenience of the parties and witnesses and the interests of justice. He concluded that the District of Arizona was the better forum on both counts. First, he reasoned that while Capstone's choice of forum weighed against transfer, other factors, including the situs of material events, the convenience of identified witnesses, and the convenience to the parties, all weighed in favor of transfer. Second, he concluded that because more material events occurred in Arizona, the District of Arizona had a closer relationship to the

controversy, and thus the interest of justice was better served by transferring the case to that district.

## **Analysis**

The first question, as always, is whether the Court has jurisdiction to consider Capstone's motion. The answer in this case is no. The general rule is that once a case is transferred to another district, the transferor court loses jurisdiction and cannot review or reconsider its order. *See Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002). Capstone argues that this Court does have jurisdiction, citing an exception to the general rule that allows review of a transfer where the transferor court lacked the power to order the transfer. Capstone argues, based on a district court opinion from Oregon, *Sheasly v. Orr Felt Co.*, Case 10-CV-956-PK, 2010 WL 4961807, at *1 (D. Or., Dec. 1, 2010), that if a magistrate judge's determination that the convenience of the parties and the interests of justice favored transfer was clearly erroneous, the Court did not have the *power* to transfer the case. While the Court acknowledges the provenance of the exception, its scope is more limited than Capstone suggests: a district court does not have power to order a transfer when, for example, venue is not proper in the transferee district or an appeal has been docketed before a physical transfer takes place. *See Starnes v. McGuire*, 512 F.2d 918, 924 n.6 (D.C. Cir. 1974). The Court is not persuaded to extend the exception to this case, notwithstanding the district court's decision in *Sheasly*. If Capstone's argument were true, *all* transfer orders would be subject to review in the transferor court: every objection obviously asks the Court to conclude that the transfer was improper. The exception, in other words, would swallow the rule.

3

The ordinary procedure for contesting a transfer is for the objecting party to move the transferee court to retransfer the case back to the original district. *See* Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 3d § 3855. If that motion is denied, the objecting party will have preserved its right to appeal that decision in the transferee circuit. *Id.* Another possibility occasionally mentioned is that the transferor court (or the court of appeals for the transferor circuit) might informally request that the transferee court send the case back to the original district so that the transferor court may rule on the objections. *See, e.g.*, *Starnes*, 512 F.2d at 924 ("Occasionally informal procedures may be employed to return a case to the transferor circuit for review of the order."). The Court has considered such a possibility in this case, but finds that it would serve no purpose: for the reasons that follow, the Court could not conclude that the magistrate judge clearly erred.

Were it to consider Capstone's motion for review under 18 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court could overturn the magistrate judge's conclusion only if it were unreasonable, clearly erroneous, or otherwise contrary to law. Thus, whatever the Court's own view of the matter, where "there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." *Novogroder Cos. v. Hartford Fire Insurance Co.*, Cause No. 2:10-cv-193, 2010 WL 4630839, at *3 (N.D. Ill., Nov. 8, 2010).

As the magistrate judge correctly noted, the decision to transfer a case requires that venue be proper in both courts and entails separate inquires into (1) the convenience of the parties and witnesses, and (2) the interest of justice. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Regarding the first

4

inquiry, the magistrate judge also properly set out the predominate factors that this Court and other courts in our circuit consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties litigating in the respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009); *see also Law Bulletin Pub., Co. v. LPR Publications, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1988).

Capstone objects to three of the magistrate judge's findings in particular. First, regarding the second factor, it argues that the parties' business relationship began in this district and that the contract was apparently negotiated and executed here, and that these are material events. That is so, but the magistrate judge never found that *no* material events occurred in Indiana, merely that *more* events material to the actual dispute occurred in Arizona. That finding was not clearly erroneous.

Second, Capstone claims that the magistrate judge erred in finding that the convenience of non-party witnesses favored transfer. But Capstone relies on facts not included in its supplemental briefing before the magistrate judge, and the Court would not consider those on review for clear error under 18 U.S.C. § 636(b)(1)(A) and Rule 72(a). *See Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("In a [§ 636(b)(1)(A)] matter, the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.")*; State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C.*, 375 F.Supp.2d 141, 159 (E.D.N.Y.2005) ("Defendants have not cited any case, and the Court has not found one, in which Rule 72(a) objections are sustained based on evidence not presented to the magistrate judge").

Third, Capstone challenges the magistrate judge's conclusion that the convenience of the parties factor weighs slightly in favor of transfer because of potential hardship to the individual defendants. Capstone argues that this was incorrect because the individual defendants are representatives of the corporation and would already appear in that capacity. The magistrate judge did not clearly err: he gave this factor very little weight, and it is correct that, to the extent that the individual defendants will bear any of the hardship of litigation themselves, however little, the factor cuts slightly in favor of transfer. The Court does note that this factor alone would certainly not justify a transfer, but the magistrate judge never claimed that it would. Thus, although it was certainly a close call, after reviewing the order and Capstone's objections, the Court is not left with a definite conviction that the magistrate judge clearly erred in concluding that the convenience of the parties and witnesses weighs in favor of transfer.

Moreover, the second inquiry into the interest of justice strongly supports the magistrate judge's decision to transfer the case to the District of Arizona. The magistrate judge correctly listed the standard factors relevant to weighing the interest of justice: the speediness of trial in either jurisdiction, each court's familiarity with the relevant law, and each location's relationship to the controversy. *Research Automation*, 626. F.3d at 978. The Court agrees with the magistrate judge's analysis of the factors included in his report. Based on docket statistics from both districts, the transfer would not affect the efficient resolution of the case. And while the parties dispute whether Indiana or Arizona law would apply, this factor is a wash: the Court cannot properly weigh this without going far towards resolving the merits of the case, and, in any event, both this District

and the District of Arizona are capable of determining which law applies and interpreting the contract or contracts at issue according to that law.

Two factors cut in favor of transfer, however. First, the District of Arizona has a closer relationship to the controversy: while some events material to Capstone's breach of contract cause of action did occur in this District, events material to the disgorgement and tortuous interference claims occurred in Arizona or elsewhere. Second, and perhaps most importantly: because there is a very real possibility that the parties agreed to litigate any dispute in Arizona according to Arizona law, the interest of justice is better served by letting the District of Arizona decide that threshold question. If the case proceeds in the District of Arizona and it is determined that the forum-selection clause does *not* apply, Capstone loses only the convenience of litigating in its chosen venue. But if the case proceeds in this District and it is determined that the forum-selection clause *does* apply, Defendants will have lost the bargained-for benefit of resolving contractual disputes on their home turf.

The Court is thus satisfied that the magistrate judge did not clearly err in evaluating the individual factors relevant to Defendants' motion to transfer. Nor did he clearly err in finding that, with the exception of the plaintiff's choice of forum, the factors were either neutral or cut in favor of transfer. This leaves Capstone's argument that the magistrate judge did not give sufficient weight—or "considerable deference"—to the plaintiff's choice of forum. *See Omnisource Corp. v. Simms Bros., Inc.*, No. 1:08-cv-89, 2008 WL 2756345, at *3 (N.D. Ind., July 14, 2008). That is a close call and an issue on which reasonable minds can differ. For that reason, the Court could not conclude that

7

the magistrate judge erred in finding that the various convenience factors, as well as the interest of justice, outweighed Capstone's choice of forum in this case.

## **Conclusion**

For the reasons stated above, the Court no longer has jurisdiction over this case and therefore Capstone's motion is **DISMISSED**. And because it concludes that the magistrate judge did not clearly err in ordering the case transferred to the District of Arizona, the Court declines to informally seek a retransfer of this case to rule on the motion.

SO ORDERED.

ENTERED:   November 8, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court